UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CANDY CASSANDRA RODRIGUEZ-SMITH,

                      Plaintiff,        Case # 18-CV-178-FPG

v.                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

## INTRODUCTION

On January 31, 2014, Plaintiff Candy Cassandra Rodriguez-Smith applied for disability insurance benefits under Title II of the Social Security Act. Tr.[1] 10. After her claims were initially denied, she testified at a video hearing before Administrative Law Judge Scott Johnson (the ALJ) on June 10, 2016. *Id.* The ALJ issued a decision finding Plaintiff not disabled on August 1, 2016. Tr. 10-25. On December 6, 2017, the Appeals Council declined to review the ALJ's decision, thereby rendering it the Commissioner's final decision. Tr. 1-3.

Plaintiff brings this appeal seeking review of that decision. ECF No. 1.[2] Both parties moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the following reasons, the Commissioner's motion is DENIED and Plaintiff's motion is GRANTED.

## LEGAL STANDARD

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## DISCUSSION

Plaintiff argues that remand is required under two theories. Because the Court agrees that the ALJ improperly determined Plaintiff's residual functional capacity (RFC) based on his lay opinion—her first theory—it does not consider her second theory. ECF No. 8-1 at 17-23

A claimant's RFC reflects what she "can still do despite . . . her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). An ALJ considers "all of the relevant medical and other evidence" when he determines a claimant's RFC. 20 C.F.R. § 404.1545(a)(3).

An ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order). But "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). When an ALJ does not rely on a medical opinion to formulate the claimant's RFC, he must "provide a function-by-

function analysis of [the claimant]'s work-related capacity." *Ford v. Colvin*, No. 12-CV-301A, 2013 WL 4718615, at *8 (W.D.N.Y. Sept. 3, 2013).

Here, the ALJ neither based the RFC[3] on a medical opinion nor performed a function-by-function analysis of Plaintiff's work-related capacity. Instead, he interpreted raw medical evidence and Plaintiff's subjective symptoms to determine her RFC. Tr. 23 ("Clinical observations indicate that [Plaintiff] would be able to perform full-time work within the parameters of the [RFC]."). He assigned the only medical opinion he reviewed partial weight. Tr. 17-23. In fact, the ALJ specifically concluded that the opinion was insufficient to support an RFC finding; he noted that it was "vague and conclusory" and lacked "specific limitations related to how much [Plaintiff] could lift or how long she could sit, stand and walk . . . ." Tr. 22.

Without the requisite medical opinion or functional analysis, the Court is left to conclude that the ALJ determined Plaintiff's RFC by interpreting her medical records himself. Such a determination constitutes legal error requiring remand. *E.g.*, *Lowe v. Colvin*, No. 6:15-CV-06077 (MAT), 2016 WL 624922, at *7 (W.D.N.Y. Feb. 17, 2016) (remanding because, *inter alia*, the ALJ gave little weight to the only medical opinion and interpreted raw medical data to determine the RFC); *Goble v. Colvin*, No. 15-CV-6302 CJS, 2016 WL 3179901, at *6 (W.D.N.Y. June 8, 2016) ("[T]he ALJ's RFC determination must be supported by [a] competent medical opinion; the ALJ is not free to form his own medical opinion based on the raw medical evidence").

---

[3] The ALJ found that Plaintiff has the RFC to perform light work, can lift and/or carry up to 10 pounds frequently and 20 pounds occasionally, and can stand, walk, and sit for about six hours of an eight-hour workday. She can occasionally climb ramps and stairs but cannot climb ladders, ropes or scaffolds. She can occasionally balance and stoop but cannot kneel, crouch, or crawl. She can frequently reach in all directions, including overhead with her right arm. She can frequently handle and finger bilaterally. She can tolerate exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poorly ventilated areas. And, finally, she should avoid all hazards, including use of moving machinery and exposure to unprotected heights. Tr. 17.

3

**CONCLUSION**

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 10, is DENIED, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 8, is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 10, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court